**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4285**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT ALVIN MCELVEEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-473)

Submitted:  March 9, 2005          Decided:  April 15, 2005

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, DEBRA CHAPMAN, P.A., Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lamont Alvin McElveen appeals his conviction for possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (2000). Finding no error, we affirm.

McElveen argues that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, and having reviewed the record and the parties' briefs, we conclude that the police officers had probable cause to search the passenger compartment of McElveen's car based on the strong odor of marijuana, cigar rolling papers, and the numerous air fresheners. United States v. Carter, 300 F.3d 415, 422 (4th Cir. 2002). Since the police officers had not found the source of the marijuana odor after searching the passenger compartment, they still had probable cause to search the next most likely source of the odor, the trunk. See, e.g., United States v. Foreman, 369 F.3d 776, 780-86 (4th Cir. 2004). Thus the police officers had probable cause to conduct a warrantless search

of the trunk, where they found the cocaine, and the district court properly dismissed McElveen's motion to suppress.

McElveen also argues that the district court abused its discretion when it allowed a Drug Enforcement Administration agent to testify from personal experience, derived from his law enforcement activities, about the local drug trade. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Distribution and prices of drugs are not facts commonly known to a jury, and expert testimony offered to help the jury understand the quantity and use of the drugs is relevant to the charged offense. United States v. Barnette, 211 F.3d 803, 815-16 (4th Cir. 2000). This court has allowed government agents and police officers to testify as drug experts in numerous cases based solely on their experiences. See e.g., United States v. Brewer, 1 F.3d 1430, 1435-36 (4th Cir. 1993); United States v. Hopkins, 310 F.3d 145, 150-51 (4th Cir. 2002). Thus, we find no abuse of discretion.

The district court also properly denied McElveen's motion to suppress statements made to police because McElveen had waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The district court fairly concluded that McElveen's statement, "I don't want to talk about it," meant he did not want to talk about where he had gotten the drugs, not that he invoked his right to remain silent. A refusal to answer some questions is not an invocation of the right to remain silent. United States v. Moore, 484 F.2d 1284

(4th Cir. 1973).  McElveen never said he wanted to remain silent or that he wanted a lawyer.  McElveen told officers the substance in his trunk was cocaine before he declined to tell them where he had gotten it.  On this record, we conclude the district court properly denied McElveen's motion to suppress.

Accordingly, we affirm McElveen's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED